# STATE OF MICHIGAN

# COURT OF APPEALS

WILLZOR CAPITAL, INC.,

        Plaintiff-Appellant,

v

GMAC MORTGAGE CORPORATION and
OCWEN LOAN SERVICING LLC,

        Defendants-Appellees.

UNPUBLISHED
December 8, 2015

No. 321760
Genesee Circuit Court
LC No. 13-107710-CH

Before: MURRAY, P.J., and METER and RIORDAN, JJ.

PER CURIAM.

The trial court granted defendants' motion for summary disposition under MCR 2.116(C)(8), and plaintiff appeals as of right. We affirm.

In February 2010, Gary and Deborah Hampton closed a mortgage loan with defendant GMAC Mortgage Corporation for property in Grand Blanc. The Hamptons executed a mortgage to Mortgage Electronic Registrations Systems, Inc. (MERS), as nominee for GMAC. At some point, defendant Ocwen Loan Servicing LLC became the servicer of the loan.

The Hamptons later defaulted on the loan, and MERS purchased the property at a sheriff's sale on July 28, 2010. MERS then quitclaimed the property to GMAC. The sheriff's sale was later declared void. According to plaintiff, the Hamptons were never informed that the sheriff's sale was void and they abandoned the property.

The property was then sold to GMAC at a sheriff's sale on July 3, 2013. The last day to redeem the property was January 3, 2014. A quitclaim deed from the Hamptons to plaintiff was recorded on July 10, 2013. The deed was dated September 15, 2011.

Plaintiff filed its complaint in this case on December 10, 2013, stating counts for injunctive relief, fraudulent misrepresentation, conspiracy, and quiet title. Plaintiff also requested a preliminary injunction. The trial court entered a temporary restraining order on January 3, 2013. The order enjoined defendants from "foreclosing upon the real property" at issue, although the property had already been foreclosed upon six months earlier.

Defendants thereafter moved for summary disposition, essentially arguing that plaintiff could not state claims on behalf of the Hamptons and that plaintiff had failed to identify any

-1-

defect in the sheriff's sale. The trial court agreed and granted defendants summary disposition, suggesting that plaintiff had confused a quitclaim deed with an assignment.

On appeal, plaintiff proffers arguments that were not presented below. Unpreserved issues are reviewed for plain error. *Duray Dev LLC v Perrin*, 288 Mich App 143, 150; 792 NW2d 749 (2010). Reversal for plain error is warranted when "(1) an error occurred (2) that was clear or obvious and (3) prejudiced the party, meaning it affected the outcome of the lower court proceedings." *Id*.

Plaintiff first calls attention to Michigan's race-notice statute, MCL 565.29, which indicates that "the holder of a real estate interest who first records his or her interest generally has priority over subsequent purchasers." *Coventry Parkhomes Condo Ass'n v Fed Nat Mtg Ass'n*, 298 Mich App 252, 256; 827 NW2d 379 (2012) (citation and quotation marks omitted).[1] As plaintiff points out, the statute applies to mortgages. *Church & Church Inc v A-1 Carpentry*, 281 Mich App 330, 345; 766 NW2d 30, 39 (2008) aff'd on other grounds 483 Mich 885 (2009). Plaintiff argues that it bought the property at issue after the original sheriff's sale was voided and because no foreclosure proceedings were in effect at that time, the quitclaim deed gave plaintiff an interest in the property as a "subsequent purchaser."[2] However, plaintiff failed to timely record its deed. The mortgage, the 2010 sheriff's deed, and the 2013 sheriff's deed were recorded before plaintiff recorded its deed. Therefore, plaintiff's reliance on MCL 565.29 is misplaced.

Plaintiff next argues that defendants did not inform plaintiff about the right of redemption after plaintiff recorded the deed and requested payment information. Plaintiff's claim that it was in the dark about the redemption period is inaccurate. As defendants point out, the 2013 sheriff's deed, which was publicly recorded, specifically explained the process for redemption. Further, plaintiff filed suit in this case before the redemption period expired. Therefore, plaintiff was or at least should have been well aware of what was required to redeem the property before the redemption period expired.

---

[1] MCL 565.29 states in full:

> Every conveyance of real estate within the state hereafter made, which shall not be recorded as provided in this chapter, shall be void as against any subsequent purchaser in good faith and for a valuable consideration, of the same real estate or any portion thereof, whose conveyance shall be first duly recorded. The fact that such first recorded conveyance is in the form or contains the terms of a deed of quit-claim and release shall not affect the question of good faith of such subsequent purchaser, or be of itself notice to him of any unrecorded conveyance of the same real estate or any part thereof.

[2] Plaintiff also cites MCL 600.3240, the statute that allows for redemption following a mortgage foreclosure. However, plaintiff fails to explain how MCL 600.3240 ties into his argument premised on the race-notice statute.

Finally, plaintiff calls attention to MCL 600.3241a, which concerns shortening the redemption period for abandoned property. It argues that defendants did not establish that the property was abandoned in order to shorten the redemption period. However, as defendants argue, that statute has no relationship to this case, because the redemption period was not shortened and there was no attempt to shorten it. Therefore, plaintiff's reliance on MCL 600.3241a is baseless.

Affirmed.

/s/ Christopher M. Murray
/s/ Patrick M. Meter
/s/ Michael J. Riordan